EMMONS ARNOLD *vs.* JONATHAN C. STEVENS & others.

When an officer attaches chattels, which he immediately removes and keeps in his custody, and also chattels which cannot be immediately removed, the attachment of the chattels not removed is valid, under the Rev. Sts. c. 90, § 33, if he, within three days, deposits in the town clerk's office a copy of the writ and of the return of the attachment of those chattels only.

THIS was an action of trespass for taking and carrying away mill stones, logs, timber and wood, which had been attached by the plaintiff, a deputy sheriff, on four writs against Jonathan C. Stevens, one of the defendants.

At the trial in the court of common pleas, before *Wells*, C. J. the taking and carrying away of the articles described in the plaintiff's declaration were proved or admitted. The defence was, that there was no valid attachment thereof by the plaintiff. The evidence was, that the plaintiff, in April 1843, attached said articles, which were too heavy and bulky to be immediately removed, and also divers other chattels, which he could and did immediately remove; that, within three days thereafter, he deposited, in the office of the clerk of the town where said attachments were made, copies of said four writs, (without the declarations,) and of the returns of the attachment of said articles which were not removed by him, but did not mention, in said copies, the other chattels which he attached and removed.

The judge ruled, upon this evidence, that there had not been a valid attachment of the chattels described in the plaintiff's writ, and a verdict was returned for the defendants

Exceptions were alleged, by the plaintiff, to the judge's ruling.

*Sumner*, for the plaintiff.

*Porter*, for the defendants.

WILDE, J. The property in question being too bulky and cumbrous to be immediately removed, the form of attachment, adopted by the plaintiff, is authorized by the Rev. Sts. *c.* 90, § 33, which provide, that "when an attachment is made of any articles of personal estate, which by reason of their bulk, or other cause, cannot be immediately removed, a copy of the writ and of the return of the attachment may, at any time within three days thereafter, be deposited in the office of the clerk of the town in which it is made; and such attachment shall be equally valid and effectual, as if the articles had been retained in the possession and custody of the officer." The present question is, whether the attachments of the articles sued for were made in conformity with that provision of law. And we think they were. The objection is, that copies of the whole returns of the attachments were not deposited in the office of the town clerk, but only copies of the returns of the attachments of the articles which were not removed by the plaintiff. But this objection does not appear to be well founded. There is no reason for requiring copies of the returns of the articles attached by an officer, which are by him removed. The statute does not, in terms, require such full copies, nor is there any ground for giving it such a construction. The statute requires copies of the returns of the attachment of articles not removed, and no more.

*New trial granted*